UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG<br><br>Plaintiff,<br>v.<br><br>A.T. WALL, in his capacity as the Director of the Rhode Island Department of Corrections<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 03-220S |

SECOND AMENDED COMPLAINT

INTRODUCTION

1. This lawsuit is brought by inmate Plaintiff Edward Eugene Young ("Plaintiff") of the Rhode Island Adult Correctional Institution ("ACI") to challenge certain actions, including the implementation of policies and procedures, taken by A.T. Wall ("Wall" or "Defendant") which violated Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as Article 1, Sections 2 and 16 of Rhode Island Constitution.

JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 as Plaintiff's claim involves questions of federal law – specifically whether the Defendant's action of denying Plaintiff the interest accrued on his earnings constitutes a taking under the Fifth Amendment to the United States Constitution and whether Defendant violated Plaintiff's rights under the Fourteenth Amendment by denying him procedural due process prior to Defendant's withdrawing of interest on Plaintiff's earnings. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C § 1391 (b), in that matters complained of occurred within the District of Rhode Island and Plaintiff is an inmate held in custody within the District of Rhode Island.

PARTIES

4. Plaintiff is a penal inmate at ACI.

5. Defendant A.T. Wall is the Director of the Rhode Island Department of Corrections ("RIDOC") and as such, acts under color of state law with respect to the matters complained therein.

STATEMENT OF THE CLAIM

6. Plaintiff has earned money working in prison as a laundry worker at various times during his incarceration.

7. Rhode Island General Laws § 42-56-22 requires that twenty-five (25%) percent of an inmate's earnings up to a maximum of $500 be deposited into an account which is set aside for the inmate's use upon release. An inmate cannot spend the encumbered balance prior to his release.

8. The accounts maintained by the RIDOC are referred to collectively as the Inmate Accounts Fund. The money in excess of $500 is maintained in another account sometimes referred to as an "open account". At times, Plaintiff has had sufficient balance in his inmate accounts to have money available for his own discretionary spending.

9. Under RIDOC Policy No. 2.17-1, interest earned on monies in the Inmate Accounts Fund would accrue to the depositing inmates in an equitable fashion.

10. On April 24, 2000, Defendant Wall repealed Policy No. 2.17-1 and implemented in its place RIDOC Policy No. 2.17-2, which stated among other things, that the return on

investments earned on monies in the Inmate Accounts Fund would accrue to the inmates in an equitable fashion. Pursuant to these policies, the RIDOC posted earnings (i.e., interest) to the inmates' individual accounts.

11. On June 9, 2003, Defendant Wall promulgated RIDOC Policy No. 2.17-3 which provided that interest earned in the Inmate Accounts Funds would accrue to the State of Rhode Island instead of in an equitable fashion. As a consequence, Plaintiff would no longer be credited with earnings resulting from interest on Inmate Accounts Funds held by the RIDOC in the inmate account savings account.

12. During his incarceration at the ACI, and subsequent to the suspension and permanent termination of the attribution of earnings on inmate accounts to inmates, Plaintiff had monies, including encumbered funds, in the inmate accounts.

13. Plaintiff has suffered a financial loss because of Defendant Wall's actions described above.

14. Defendant Wall did not adequately notify Plaintiff of his change in policy or provide Plaintiff an opportunity to be heard in advance of this change.

**COUNT I**
**VIOLATION OF PROCEDURAL DUE PROCESS**

15. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 14 of his Complaint.

16. By taking interest on earnings on Plaintiff's funds held on his behalf by the RIDOC and/or the General Treasurer of the State of Rhode Island without first affording Plaintiff procedural due process, Defendant Wall violated Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

17. Plaintiff has and will continue to suffer damages from Defendant's actions.

**COUNT II**
**UNCONSTITUTIONAL TAKING OF PLAINTIFF'S ACCRUED INTEREST**

18. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 14.

19. By taking and/or using Plaintiff's accrued interest from the Inmate Accounts Fund without just compensation, Defendants' actions constitute an unconstitutional taking in violation of Plaintiff's rights afforded under the Fifth and Fourteenth Amendment to the United States Constitution.

20. Plaintiff has and will continue to suffer damages from Defendant's actions.

**COUNT III**
**VIOLATION OF ARTICLE 1, § 16 OF THE RHODE ISLAND CONSTITUTION**

21. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 14.

22. By taking and/or using Plaintiff's accrued interest from the Inmate Accounts Fund without just compensation, Defendant's actions constitute an unconstitutional taking in violation of Plaintiff's rights afforded under Article 1, Section 16 of the Rhode Island Constitution.

23. Plaintiff has and will continue to suffer damages from Defendant's actions.

**COUNT IV**
**VIOLATION OF ARTICLE 1, § 2 OF THE RHODE ISLAND CONSTITUTION**

24. Plaintiff repeats and incorporated by reference the allegations in paragraph 1 through 13.

25. By taking interest on earnings on Plaintiff's funds held on his behalf by the RIDOC and/or the General Treasurer of the State of Rhode Island without first affording Plaintiff procedural due process, Defendant Wall violated Plaintiff's rights guaranteed under the Article 1, Section 2 of the Rhode Island Constitution.

26. Plaintiff has and will continue to suffer damages from Defendant's actions.

**WHEREFORE**, Plaintiff, Edward Eugene Young, Sr., prays for the following relief:

a. Temporary, preliminary and injunctive relief prohibiting Defendant from violating Plaintiff's federal and state constitutional relief.

b. Compensatory damages, included but not limited to unpaid interest;

c. Punitive damages; and

d. Attorney's fees and costs.

EDWARD EUGENE YOUNG

By his Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 fax

Dated: ~~May~~ June 31, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June, 2005, I sent a true copy of the within Plaintiff's Second Amended Complaint, via hand delivery, to Thomas Palumbo, Assistant Attorney General, Rhode Island Department of Attorney General, 150 South Main Street, Providence, RI 02903.