UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **EDWARD EUGENE YOUNG** | : | |
| | : | |
| **v.** | : | **C.A. NO. 03-220S** |
| | : | |
| **A.T. WALL, in his capacity as the Director of the Rhode Island Department of Corrections** | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now comes Defendant, A.T. Wall ("Wall"), in his capacity as Director, State of Rhode Island, Department of Corrections ("State," "DOC," or "Defendant"), and hereby answers Plaintiff, Edward Eugene Young's ("Plaintiff" or "Young"), Second Amended Complaint (the "Complaint"), as follows:

## INTRODUCTION

1. Paragraph 1 of Plaintiff's Complaint is introductory in nature and no responsive pleading is required thereto; if deemed required, Defendant denies the allegations in Paragraph 1 and leave Plaintiff to his proof thereof.

## JURISDICTION AND VENUE

2. Paragraph 2 is jurisdictional in nature and no responsive pleading is required thereto; if deemed required, Defendant deny the allegations in Paragraph 2 and leave Plaintiff to his proof thereof.

3. Paragraph 3 is a statement of venue and no responsive pleading is required thereto; if deemed required, Defendant admit that venue is proper in this judicial district.

## PARTIES

4. Admitted.

5. Admitted.

## STATEMENT OF THE CLAIM

6. Admitted that Plaintiff has earned money working in prison during his incarceration.

7. R.I. Gen. Laws § 42-56-22 speaks for itself and therefore no responsive pleading to Paragraph 7 is required; if deemed required, the allegations in Paragraph 7 are admitted, generally, except as § 42-56-22(b) may permit the use of the account funds prior to release and except as DOC may allow an inmate to use the accounts funds prior to and in anticipation of release.

8. As to the first sentence, it is admitted that the accounts may be referred to as the Inmate Accounts Fund. The allegations in the second sentence are denied because, pursuant to § 42-56-22, Plaintiff has two (2) accounts, the 25% of earnings account as alleged in Paragraph 7 above and the so-called "open account" as alleged in Paragraph 8. The allegations in the third sentence are admitted.

9. DOC Policy No. 2.17-1 cited in Paragraph 9 speaks for itself and therefore no responsive pleading is required; if deemed required, the allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

10. DOC Policy No. 2.17-2 cited in Paragraph 10 speaks for itself and therefore no responsive pleading is required; if deemed required, the allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

11. DOC Policy No. 2.17-3 cited in Paragraph 11 speaks for itself and therefore no responsive pleading is required; if deemed required, the allegations in this Paragraph are denied and Plaintiff is left to his proof thereof.

12. Admitted.

13. Denied on the grounds that Plaintiff has no Federal or State constitutional right to interest on the accounts and no statutory right, under R.I. Gen. Laws § 42-56-22 or any other General Law section, to interest on the accounts.

14. Denied.

**COUNT I**
**VIOLATION OF PROCEDURAL DUE PROCESS**

15. Defendant repeats and incorporates by reference Paragraphs 1-14 above.

16. Denied.

17. Denied.

**COUNT II**
**UNCONSTITUTIONAL TAKING OF PLAINTIFF'S ACCRUED INTEREST**

18. Defendant repeats and incorporates by reference Paragraphs 1-14 above.

19. Denied.

20. Denied.

**COUNT III**
**VIOLATION OF ARTICLE 1, § 16 OF THE RHODE ISLAND CONSTITUTION**

21. Defendant repeats and incorporates by reference Paragraphs 1-14 above.

22. Denied.

23. Denied.

**COUNT IV**
**VIOLATION OF ARTICLE 1, § 2 OF THE RHODE ISLAND CONSTITUTION**

24. Defendant repeats and incorporates by reference Paragraphs 1-13 above.

25. Denied.

26. Denied.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be denied and dismissed; that Judgment enter for Defendant; that Defendant be awarded his costs and fees incurred in the defense hereof; and such other and further relief as justice may require.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted for injunctive relief, compensatory damages and/or punitive damages as against Defendant.

### Second Affirmative Defense

Defendant has the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status.

### Third Affirmative Defense

Defendant has the benefit of all expressed and implied exceptions to any waiver of sovereign immunity.

### Fourth Affirmative Defense

Defendant claims the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

**Fifth Affirmative Defense**

Defendant acted reasonably and in good faith and did not violate any clearly established law and, therefore, pleads qualified immunity from suit.

**Sixth Affirmative Defense**

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

**Seventh Affirmative Defense**

The alleged acts or omissions of Defendant were not a conscious disregard of Plaintiff's rights; were not intentional and willful; and were not in violation of Federal or State law.

**Eighth Affirmative Defense**

The alleged acts or omissions of Defendant do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

**Ninth Affirmative Defense**

Defendant asserts any and all applicable defenses of assumption of the risk.

**Tenth Affirmative Defense**

Defendant asserts that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, Defendant pleads the doctrine of comparative and/or contributory negligence.

**Eleventh Affirmative Defense**

Defendant pleads the doctrines of laches, estoppel and waiver.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be denied and dismissed; that Judgment enter for Defendant; that Defendant be awarded his costs and fees incurred in the defense hereof; and such other and further relief as justice may require.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully Submitted,
DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Response, postage pre-paid, first class mail, on this 13th day of June, 2005 to the following:

**Andrew B. Prescott, Esquire**
**Stacie Boeniger Collier, Esquire**
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903