UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **EDWARD EUGENE YOUNG** | : | |
| | : | |
| **V.** | : | **C.A. NO. 03-220S** |
| | : | |
| **A.T. WALL, in his capacity as the Director of the Rhode Island Department of Corrections** | : | |

**MOTION TO CERTIFY QUESTION**
**TO THE SUPREME COURT OF RHODE ISLAND**

Now comes Defendant, A.T. Wall, pursuant to Rule 6 of the Supreme Court of Rhode Island's Rules of Appellate Procedure, and hereby moves the Honorable Court to certify a question to the Rhode Island Supreme Court in this civil action filed by Plaintiff, Edward Eugene Young ("Plaintiff" or "Young").

Respectfully, the proposed question is as follows:

**Is the State of Rhode Island required to pay interest on funds in inmate accounts maintained pursuant to General Laws of Rhode Island § 42-56-22?**

In support, Defendant Wall submits the accompanying Memorandum of Law.

WHEREFORE, Defendant respectfully requests that the Honorable Court grant the Motion to Certify Question, and such other and further relief as justice may require.

Respectfully Submitted,

DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Motion, postage pre-paid, first class mail, on this 17th day of June, 2005 to the following:

**Andrew B. Prescott, Esquire**
**Stacie Boeniger Collier, Esquire**
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDWARD EUGENE YOUNG :
:
v. : C.A. NO. 03-220S
:
A.T. WALL, in his capacity as :
the Director of the Rhode Island :
Department of Corrections :

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF RHODE ISLAND**

## INTRODUCTION

This Memorandum of Law is submitted by Defendant, A.T. Wall, in support of the Motion to Certify Question to the Supreme Court of Rhode Island, pursuant to Rule 6 of the Rhode Island Supreme Court's Rules of Appellate Procedure, in this civil action filed by Plaintiff, Edward Eugene Young ("Plaintiff" or "Young"). For the reasons set forth, Defendant Wall respectfully requests that the Motion be granted.

## THE PROPOSED CERTIFIED QUESTION

Respectfully, the proposed question is as follows:

**Is the State of Rhode Island required to pay interest on funds in inmate accounts maintained pursuant to General Law of Rhode Island § 42-56-22?**

## THE SUBJECT STATUTE

**42-56-22 – Labor by persons committed on mesne process or to answer criminal charge.** – (a) Every person who shall be committed to the adult correctional institutions to answer for any criminal offense, whether convicted or awaiting trial, or on mesne process in any qui tam or penal action, or on mesne process or education in any civil action, may be permitted to labor in the discretion of the director, or his or her designee, for the state, and in that case may be paid not mare than three ($3.00) a day for every day he or shell shall labor with the express consent of the director, or his or her designee, of the department, to be credited to the

prisoner's account by the assistant director of administration, or his or her designee, and to be disbursed to the prisoner in accordance with the rules and regulations of the institutions; provided, further, however, there shall be maintained on account at all times at least twenty-five (25%) of the earnings of each prisoner up to a maximum of one hundred dollars ($100) for those persons serving a sentence of life imprisonment without parole under §§ 11-23-2, 12-19.2-1 et seq., and up to a maximum of five hundred dollars (4500) for all other prisoners; those funds to be turned over to the prisoner at the time of his or her release from the institution, the funds being his or her property; the moneys to be paid to the prisoner by order of the assistant director of management services upon the general treasurer.

(b) Nothing contained in this section shall prevent the use of the funds in the account for the payment of any court fees and court costs required to be paid for the filing, prosecution, and defense of any action.

## THE FACTS AND NATURE OF THE CONTROVERSY

The Court is familiar with the present facts and controversy, having recently issued a Decision and Order. Young v. Wall, 359 Fed. Supp. 2d 84 (D.R.I. 2005). Plaintiff Young, a State inmate, alleges a violation of procedural due process and an unconstitutional taking, under the U.S. and R.I. Constitutions, as to the "interest" on his inmate accounts created pursuant to R.I. Gen. Laws § 42-56-22. In denying Defendant's Rule 12(b)(6) Motion to Dismiss, the Court ruled that Plaintiff "has a limited property right in such interest which cannot be withdrawn without affording him procedural due process… ." Young, 359 Fed. Supp. 2d. at 94.

After the Court's ruling, Plaintiff, by and through legal counsel, filed a Second Amended Complaint (hereinafter, the "Complaint") that supercedes the original *pro se* filing. The Complaint alleges DOC had a written policy to pay interest on inmate accounts for a number of years; however, effective June 9, 2003, DOC Policy No. 2.17-3 stated that the interest would accrue to the State instead of the inmates. The Complaint avers a violation of procedural due process and an unconstitutional taking, under the U.S. and R.I. Constitutions, as to DOC's change in policy.

**LEGAL ARGUMENT**

The central issue before the Court is whether inmates have a constitutionally protected property interest in receiving interest on their accounts. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (U.S. 1972), pronounced: "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

The State is mindful that the Court has preliminarily ruled that "§ 42-56-22 appears to create a property right to funds (at least those maintained in a prisoner's 'frozen' account), the right created is at best a 'limited property right, defined by the terms of the statute… .'" Young, 359 Fed. Supp. 2d. at 90 (quoting Washlefske v. Winston, 234 F.3d 179,185 (4th Cir. 2000)). The Decision, however, was on a Rule 12 posture and is not a decision on the merits after all the facts are before the Court. Ultimately, the question presented - the statutory creation and dimension of a property interest - should be answered by Rhode Island's High Court.

Not only is the proposed certified question well founded, there's actually precedent for this Honorable Court seeking guidance from Rhode Island's High Court as to *this very statute*. In Keenan v. Vose, 634 A.2d 866 (R.I. 1993), the U.S. District Court certified a question to the R.I. Supreme Court as to whether R.I. Gen. Laws § 42-56-22 prohibited an inmate from using the "frozen" account to pay attorney's fees in a post-conviction appeal. The Supreme Court answered the question in the affirmative.

See also Wiggintton v. Centracchio, 205 F.3d 504 (1st Cir. 2000), where the First Circuit certified to the Supreme Court two questions concerning R.I. Gen. Laws § 30-3-13.

R.I. Gen Laws § 42-56-22 is silent as to whether interest should be paid on inmate accounts. The proposed question of law is "determinative of the cause" and there is "no controlling precedent." R.I. Supreme Court Rule 6 provides the vehicle whereby this Court may seek guidance as to a State statute. This principle of federalism is entirely appropriate in this civil action; *a fortiori*, where the Court has preliminarily ruled that Plaintiff has a right to due process of law before the State can cease paying interest on his inmate accounts.

**CONCLUSION**

WHEREFORE, Defendant Wall respectfully requests that the Motion to Certify Question be granted, and such other and further relief as justice may require.

Respectfully Submitted,

DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum, postage pre-paid, first class mail, on this 17th day of June, 2005 to the following:

**Andrew B. Prescott, Esquire**
**Stacie Boeniger Collier, Esquire**
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903

Howard, 729 A.2d 712 (R.I. 1999).

In an appeal by spouses in a negligence action, where only one of the spouses paid a filing fee, the other spouse was not a party before the reviewing court. D'Allesandro v. Tarro, 842 A.2d 1063, 2004 R.I. LEXIS 27 (R.I. 2004).

**2. Derivative Claims.**

Pursuant to R.I. Sup. Ct. art. I, R. 5(a), every person appealing from a judgment in a civil case must pay a filing fee; because a wife and children did not pay a separate filing fee for their derivative claims in husband's negligence action, they could not appeal an award of summary judgment to a town. Illas v. Przybyla, 850 A.2d 937, 2004 R.I. LEXIS 109 (R.I. 2004).

Failure of a party to tender the requisite fee under R.I. Sup. Ct. art. I, R. 5(a) renders its appeal invalid; thus, where there were two plaintiffs but the name of only one plaintiff was written on the receipt issued by the Superior Court clerk's office, the only fee tendered in the case was on that plaintiff's behalf and the other plaintiff was not a party to the appeal. Mosby v. Devine, 851 A.2d 1031, 2004 R.I. LEXIS 120 (R.I. 2004).

**Rule 6. Certification of questions of law. —** (a) This Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or of the District of Columbia, or a United States District Court when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this Court.

(b) *Orders and Motions.* This Rule may be invoked by an order of any of the courts referred to in subdivision (a) of this Rule upon that court's own motion or upon the motion of any party to the cause.

(c) *Contents of Certification Order.* A certification order shall set forth

(1) the questions of law to be answered; and

(2) a statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose.

(d) *Preparation of Certification Order.* The certification order shall be prepared by the certifying court, signed by the judge presiding at the hearing, and forwarded to this Court by the clerk of the certifying court under its official seal. This Court may require the original or copies of all or of any portion of the record before the certifying court to be filed with the certification order, if, in the opinion of this Court, the record or portion thereof may be necessary in answering the questions.

(e) *Costs of Certification.* Fees and costs shall be the same as in civil appeals docketed before this Court and shall be equally divided between the parties unless otherwise ordered by the certifying court in its order of certification.

(f) *Briefs and Argument.* Proceedings in this Court shall be those provided in these rules governing Rule 12A statements, briefs and arguments as the Court may order. Unless otherwise ordered, the plaintiff shall file the opening brief, the defendant shall file the responding brief, and the plaintiff may file a reply brief. Any party wishing to seek a modification of the foregoing briefing requirements shall move for such relief with the Court.

(g) *Opinion.* The written opinion of this Court stating the law governing the questions certified shall be sent by the clerk under the seal of this Court to the certifying court and to the parties. (As amended by the court on November 25, 2003.)

**Reporter's Notes.** Rule 6(f) has been amended to provide that, in cases in which the Supreme Court has been asked to address a certified question of law, the proceedings shall be those provided in the Rules governing Rule 12A statements, briefs and arguments as the Court may order. Rule 6(f) also has been amended to make clear that, in such cases, the plaintiff shall file the opening brief, the defendant files the responding brief, and the plaintiff may file a reply brief. Any party wishing to seek a modification of these briefing requirements must move for such relief with the Court.

**Compiler's Notes.** The 2003 amendment, by Supreme Court order dated November 25, 2003, added the subdivision designations; substituted "subdivision (a) of this Rule" for "section 1" in subdivision (b); rewrote subdivision (f) and made capitalization changes throughout the section.

## NOTES TO DECISIONS

ANALYSIS

1. Bankruptcy Courts.
2. Uncertifiable Questions.
3. Question Declined.
4. Illustrative Cases.

**1. Bankruptcy Courts.**

This rule encompasses questions certified by a bankruptcy judge. In re Shepard Co., 115 R.I. 290, 342 A.2d 918 (1975).

**2. Uncertifiable Questions.**

Any unresolved state law questions as to the precise parameters of a physician's duty under chapter 4.8 of title 23 (Spousal Notification for Abortion) to notify the patient's husband of an abortion were not properly certifiable to the Rhode Island Supreme Court. Planned Parenthood v. Board of Medical Review, 598 F. Supp. 625 (D.R.I. 1984).

**3. Question Declined.**

Supreme Court declined to entertain question certified, as federal trial judge had already decided question when the judge sustained an objection to the introduction of certain evidence. Gormley v. I. Lazar & Son, 565 A.2d 527 (R.I. 1989).

**4. Illustrative Cases.**

Because there was neither legislative history nor case law to guide the court on the issue of whether § 30-3-13 provided officers of the staff corps and departments with a property right, of which they could not be deprived without due process, to retain their Army National Guard commissions until the age of sixty, the question should be certified to the Rhode Island Supreme Court pursuant to this rule. Wigginton v. Centracchio, 205 F.3d 504 (1st Cir. 2000).

**Rule 7. Trial court orders for protection of parties pending appeal or petitions for review. —** (a) The justice or judge of the Superior, Family or District Court who entered the judgment, order, decree, or other determination from which review is being sought, or in case of his or her absence or disability, any justice or judge of the same court, may make such orders for injunction, giving bond, and the appointment of receivers, and such other orders as are needed for the protection of the rights of the parties until the appeal or petition for review shall be heard and determined by the Supreme Court, subject to modification or annulment by order of the Supreme Court upon motion.

(b) In cases requiring the appointment of counsel for appeal to the Supreme Court, the Superior, Family or District Court may appoint counsel solely for the purpose of perfecting the appeal, and insuring that all necessary requests for extensions are filed pursuant to Rule 11(c). When the Superior, Family or District Court makes an appointment for purposes of appeal, the appointment shall be from the panel of attorneys available for appointment in this category in the Supreme Court. All Superior, Family and District court appointments of counsel for appeal shall terminate upon the docketing of the appeal in the Supreme Court. If appointed counsel wishes to provide appellate services to the defendant after the appeal is docketed, counsel must request appointment by the Supreme Court. If counsel appointed by the Superior, Family or District Court does not wish to represent the defendant after the appeal is docketed, counsel shall notify the defendant and file a motion with the Supreme Court requesting appointment of other counsel. (As amended by the court on March 17, 1994; November 25, 2003.)

**Reporter's Notes.** Rule 7 has been amended to set forth the procedure for the trial court to appoint counsel for criminal appeals in the Supreme Court. Specifically, Rule 7(b) has been added to provide that the Superior, Family, or District Court may appoint counsel solely for purposes of perfecting the appeal and ensuring that all necessary requests for extension are filed. When the trial court makes an appointment for purposes of the appeal, the appointment must come from the panel of attorneys available for appointment in this category in the Supreme Court. After the appointment is made, the appointment terminates once the appeal is docketed in the Supreme Court. Thereafter, if appointed counsel wishes to provide appellate services to the defendant after the appeal is docketed, counsel must request appointment by the Supreme Court. Hence, the Supreme Court retains the ultimate authority to determine whether that counsel will continue to prosecute the appeal.

**Compiler's Notes.** The 2003 amendment, by Supreme Court order dated November 25, 2003, added the subdivision (a) designation and added subdivision (b).