UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG, SR. | : | |
| | : | |
| v. | : | C.A. No. 03-CV-220 |
| | : | |
| ASHBEL T. WALL, et al. | : | |

PLAINTIFF'S OBJECTION TO MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF RHODE ISLAND

Plaintiff, Edward Eugene Young, Sr., hereby objects to Defendant's Motion to Certify Question to the Supreme Court of Rhode Island. In support of his objection, Plaintiff submits the accompanying Memorandum in Support of Plaintiff's Objection to Motion to Certify Question to the Supreme Court of Rhode Island.

Respectfully submitted,

Andrew B. Prescott (# 3758)
Stacie Boeniger Collier (#6059)
NIXON PEABODY, LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (fax)

Dated: June 30, 2005

CERTIFICATE OF SERVICE

I hereby certify that I mailed, by regular mail, postage prepaid, a copy of the of Plaintiff's Objection to Motion to Certify Question to the Supreme Court of Rhode Island to Department of Attorney General, Thomas A. Palombo, Esq., Assistant Attorney General, 150 South Main Street, Providence, RI 02903 this 30 day of June, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG, SR. | : | |
| | : | |
| v. | : | C.A. No. 03-CV-220 |
| | : | |
| ASHBEL T. WALL, et al. | : | |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF RHODE ISLAND

## I. INTRODUCTION

Defendant, A.T. Wall, asks this Court to certify a question to the Supreme Court of Rhode Island. The question is somewhat unclear to Plaintiff, and it appears that the answer would not be determinative of the Plaintiff's claims. Accordingly, the suggested detour to the Supreme Court of Rhode Island should not be taken.

## II. ARGUMENT

### A. This Court's Previous Decision Makes Clear That The Extent of the Plaintiff's Property Interest In The Wages Is Determinative On The Takings Claims.

The fundamental question regarding Plaintiff's state and federal takings claims is whether Plaintiff possesses a constitutionally protected property interest in funds in his inmate accounts at the ACI.[1] This Court ruled in its March 5, 2005 decision that "[Plaintiff] does not have a constitutionally protected property right in his wages; all he has [under Rhode Island law] is 'a limited property right in the amounts deposited in [his name] - - specifically . . . the limited right to access [his] deposits when permitted by statute, regulation, or policy.'" Decision and Order, March 5, 2005 at 14–15 (citing Givens, 381 F. 3d at 1067). This Court based its conclusion upon

1 See Counts II and III of the Plaintiff's Seconded Amended Complaint.

Rhode Island common and statutory law deemed relevant by the Court on the question of the extent of the Plaintiff's property interest.

As for Plaintiff's right to the interest on his funds, this Court reasoned that a limited property interest in wages provided no constitutionally–protected right in interest on the wages. This Court faulted the Ninth Circuit in Schneider v. Calif. Dept. of Corrections, 151 F. 3d 1194, 1201 (9th Cir. 1998) for failing to determine who owned the principal before concluding that the inmate had a constitutional right to the interest.

B. The Question Is Unclear And It Appears That The Answer Would Not Be Completely Dispositive On The Taking Claims.

The proposed question fails to state clearly the issue to be put before the Supreme Court of Rhode Island. Plaintiff construes the proposed question as asking whether the Defendant, and the Rhode Island Department of Corrections, have violated R.I. Gen. Laws § 42-56-22 or some other provision of law by failing to pay interest on accounts maintained under § 42-56-22. Plaintiff expects that the Supreme Court of Rhode Island would wonder whether the question seeks a construction of Rhode Island statutes or a determination of Rhode Island constitutional law.[2]

As this Court's analysis makes manifest, the critical state law question is whether and to what extent Rhode Island law vests Plaintiff with a property interest in his wages and the interest generated on those wages. Although Plaintiff recognizes that the underlying property interest is essentially a state law question, see Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972), Plaintiff respectfully disagrees with the Court's conclusion thus far on that issue. In any case, the Plaintiff does not understand the proposed question to be seeking a ruling from the Supreme

---

2 The proposed question does not expressly ask whether the failure to pay interest violates the Rhode Island Constitution.

Court of Rhode Island on the property interest already decided by this Court. Accordingly, an answer to the question would fail to dispose of even the takings claims. Certification is thus unavailable. <u>See</u> <u>Planned Parenthood of Rhode Island v. Board of Medical Review</u>, 598 F. Supp. 625, 631 (D. R.I. 1984).

interest on monies in § 42-56-22 accounts. But a negative answer would

Plaintiff's takings claims.[3] The constitutional issue is whether RIDOC can hold Plaintiff's money, generate interest on that money, and retain the interest for itself.

C. <u>The Proposed Question Would Also Not Dispose Of Plaintiff's Procedural Due Process Claim.</u>

This Court found that Plaintiff has stated in his pro se complaint a claim for "violation of the right to procedural due process." <u>Decision</u>, p. 19. In his Seconded Amended Complaint, Plaintiff set forth a procedural due process claim in Count I. The question regarding that claim, at least according to this Court's decision, is whether the Department appropriated interest payable to Plaintiff per RIDOC policy and, if so, whether Defendant provided constitutionally adequate process before doing so. <u>Id</u>. p. 19 & n. 13.

An answer to the proposed question will not determine the procedural due process claim. Even if the Supreme Court of Rhode Island decided that Rhode Island law did not require the payment of interest, Plaintiff would still have a claim because RIDOC had a policy and practice of paying interest on money earned by Plaintiff by working and, that RIDOC allegedly

3 The Supreme Court of Rhode Island might answer negatively on various grounds. For example, the Court might hold that the General Assembly has not expressly required that the funds be kept in interest bearing accounts or invested to generate revenue. But RIDOC has chosen to turn Plaintiff's and other inmates' earnings into a revenue source. Thus, the question of ownership exists independent of the obligation in the first instance to generate interest.

failed to provide any process, much less constitutionally adequate process, before taking interest owed to Plaintiff.

Andrew B. Prescott (# 3758)
Stacie Boeniger Collier (#6059)
NIXON PEABODY, LLP
One Citizens Plaza
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 FAX

Dated: June 30, 2005

CERTIFICATE OF SERVICE

I hereby certify that I mailed, by regular mail, postage prepaid, a copy of the Memorandum In Support of Plaintiff's Objection to Motion to Certify Question to the Supreme Court of Rhode Island to Department of Attorney General, Thomas A. Palombo, Esq., Assistant Attorney General, 150 South Main Street, Providence, RI 02903 this 30 day of June, 2005.