UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 03-220S |
| | : | |
| A.T. WALL, in his capacity as the Director of the Rhode Island Department of Corrections | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE A THIRD AMENDED COMPLAINT**

The Plaintiff, Edward Eugene Young, seeks leave of this Court, pursuant to Fed. R. Civ. P. 15, to file a Third Amended Complaint in the above-captioned action, so that the Plaintiff may correct certain alleged deficiencies in his Second Amended Complaint. The Plaintiff's proposed Third Amended Complaint is attached hereto as Exhibit A.

The granting of this Motion to Amend would not unfairly prejudice the Defendant.

WHEREFORE, the Plaintiff respectfully requests that he be granted leave to file a Third Amended Complaint in the form attached hereto as Exhibit A. A Memorandum of Law in Support of the Plaintiff's Motion for Leave to File a Third Amended Complaint is also attached hereto.

EDWARD EUGENE YOUNG

By his Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 fax

Dated: October 7, 2005

P123775.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7 day of October, 2005, I sent a true copy of the within Plaintiff's Motion for Leave to File a Third Amended Complaint, via first-class mail, postage prepaid, to Thomas Palumbo, Assistant Attorney General, Rhode Island Department of Attorney General, 150 South Main Street, Providence, RI 02903.

______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG<br><br>Plaintiff,<br>v.<br><br>A.T. WALL, in his capacity as the Director of the Rhode Island Department of Corrections<br><br>Defendant. | : | C.A. No. 03-220S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

## I. INTRODUCTION

The Plaintiff, Edward Eugene Young, seeks leave of this Honorable Court, pursuant to Fed. R. Civ. P. 15, to file a Third Amended Complaint in the form attached as Exhibit A to Plaintiff's Motion For Leave to File a Third Amended Complaint. Plaintiff would like to file a Third Amended Complaint to correct certain alleged deficiencies in his Second Amended Complaint. Because the Federal Rules of Civil Procedure provide that such motions be liberally granted, and because there would be absolutely no unfair prejudice to the Defendant, Plaintiff respectfully requests that his leave request be granted.

## II. PROCEDURAL HISTORY

On June 4, 2003, Plaintiff filed his initial *pro se* Complaint against Defendant alleging various causes of action under 42 U.S.C. § 1983.[1] On August 18, 2003, Plaintiff filed a *pro se* Amended Complaint in seven counts including a claim that the RIDOC improperly misappropriated the interest earned on the Inmate Accounts Fund in violation of the Fifth and

---

[1] The underlying facts of this matter are by now made known to this Court. The parties' Joint Statement of Facts filed on September 9, 2005 contains a detailed recitation of the material facts.

Fourteenth Amendments to the United States Constitution. Pursuant to Fed. R. Civ. P 12 (b)(6), Defendant filed a Motion to Dismiss the Plaintiff's Complaint on September 9, 2003. Defendant's Motion to Dismiss was referred to Magistrate Judge Jacob Hagopian, who, on November 23, 2003, issued a Report and Recommendation, which recommended the dismissal of Plaintiff's Complaint, with the exception of the takings cause of action. The undersigned appeared on Plaintiff's behalf on April 4, 2004. On March 5, 2005, Judge William Smith affirmed the magistrate's report; however, he decided that the appropriation of interest on the Inmate Accounts Fund was a potential violation of procedural due process and not an unconstitutional taking.

On June 1, 2005, Plaintiff filed his Second Amended Complaint. This was the first complaint filed by Plaintiff with the assistance of counsel. The Second Amended Complaint simplified the factual and legal allegations and limited the case to violations of Plaintiff's state and federal constitutional rights in connection with the RIDOC's failure to pay interest.

On September 9, 2005, Defendant Wall filed his Memorandum In Support of Motion for Summary Judgment. In that memorandum, Defendant Wall asserted certain deficiencies in Plaintiff's pleading of his claims (e.g., the failure to invoke of 42 U.S.C. § 1983 or to sue Defendant Wall individually). The parties' reply memoranda are due on October 7, 2005.

## III. ARGUMENT

### A. Legal Standard

Federal Rules of Civil Procedure 15 (a) provides in pertinent part that "a party may amend his or her pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a). Rule 15(a) requires that motions to amend be liberally granted in the absence of undue prejudice to the opposing

party. FDIC v. Consol. Mortgage and Fin. Corp., 805 F.2d 14, 16 (1st Cir. 1986). "[T]he prejudice to the opposing party must be more than 'unfair', [i]t must be 'substantial,' so as to create a 'grave injustice' to defendants". Pendley v. Komori Printing Machinery Co., 1990 U.S. Dist. LEXIS 1800 at *8 (D.R.I. Feb 8, 1990). In the seminal case of Forman v. Davis, 371 U.S. 178, 181 (1962), the United States Supreme Court stated that it is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere [procedural] technicalities." The Court stated further that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." Id. at 182.

In Faioli v. Lemcke, 328 F. Supp. 250 (D. R.I. 2004), the United States District Court for the District of Rhode Island specifically addressed the standard for deciding a motion to amend filed while a motion for summary judgment is pending. The court stated as follows:

> When a plaintiff files for leave to amend after the close of discovery and while a motion for summary judgment is pending, the proposed amendments must be both theoretically viable and solidly grounded in the record. Harvey, 281 F. Supp. at 381 (quoting Hatch, 274 F.3d at 19). In this situation, a proposed amendment is futile unless the allegations therein are supported by substantial evidence. Id. In order to determine whether or not an amendment would be futile, the district court applies the same legal standard that applies to a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Almeida, 5 F. Supp. 2d at 120. See also Harvey, 281 F. Supp. 2d at 381 (citing Glassman v. Computervision Corp., 90 3d at 617, 623 (1st Cir. 1996)). Thus, an amendment is futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. Id. (citing Glassman, 90 F.3d at 623).

Faioli, 328 F. Supp. at 262.

**B. The Motion To Amend Should Be Allowed So That Plaintiff May Correct Deficiencies To The Complaint.**

Plaintiff should have more clearly alleged that he was invoking 42 U.S.C. § 1983. In paragraph five of the Second Amended Complaint, Plaintiff alleged that Defendant Wall "acts

under color of state law ...." This allegation reflected Plaintiff's intent to proceed under 42 U.S.C. § 1983 as he had in his prior complaint. The proposed amendment would add no substantially new claims; the gist of the action remaining the claimed due process and takings violations.

In addition, to correct the complaint as explained above, Plaintiff seeks to amend the complaint to name Defendant Wall individually. The proposed amendment clearly meets the Faioli futility test. Defendant Wall himself approved the RIDOC's policy charge, to cease paying interest on the inmates' accounts.[2] In fact, the Affidavit of A.T. Wall, II submitted to this Court on September 9, 2005 details his personal involvement which included directing his staff to look into stopping the payment of interest and making the decision to stop paying interest. Wall Aff. ¶¶ 12-13. It is clear that he did so with callous indifference to Plaintiff's constitutional rights. The only thing that apparently mattered to Wall was that there were banking costs being incurred.

**C. There Is No Prejudice To The Defendant If The Motion Is Granted.**

The proposed amendments in no way unfairly prejudice Defendant Wall. He has been a party to this action from the outset. Plaintiff put him on notice in the Second Amended Complaint that Plaintiff sought damages including unpaid interest. Defendant Wall may argue that further argument would be required in response to naming Defendant Wall individually. Plaintiff has no objection to such further argument. The material regarding Defendant Wall's actions are undisputed.

In short, Plaintiff's proposed amendments are "both theoretically viable and solidly grounded in the record." See Faioli, 328 F. Supp. At 262. This case should be decided on the

---

[2] See, Joint Statement of Facts, Exh. G.

true merits. Permitting Plaintiff this amendment would allow this Court to do so and to best due justice in this matter.

Under these circumstances, Defendant cannot demonstrate any prejudice, let alone the substantial prejudice necessary to successfully oppose the Motion for Leave to File an Amended Complaint. Pendley, 1990 U.S. Dist. LEXIS 1800 at *8. The Plaintiff is not adding parties or advancing any new theories or causes of action. Rather he simply seeks to clarify the same causes set forth in his original *pro se* Complaint. The parties have until June 23, 2005 to complete fact discovery, giving Defendant ample time to prepare his defense in light of the Amended Complaint. Thus, Defendant cannot meet his burden of proving substantial prejudice.

## IV. CONCLUSION

Because requests to amend pleadings are liberally granted and there will be no prejudice to the Defendant if this Motion is granted, the Plaintiff respectfully requests that this Honorable Court grant his Motion to Amend.

EDWARD EUGENE YOUNG

By his Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 fax

Dated: October __, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7 day of October, 2005, I sent a true copy of the within Memorandum of Law in Support of Plaintiff's Motion For Leave to File a Third Amended Complaint, via first-class mail, postage prepaid, to Thomas Palumbo, Assistant Attorney General, Rhode Island Department of Attorney General, 150 South Main Street, Providence, RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG<br><br>Plaintiff,<br>v.<br><br>A.T. WALL, individually and in his capacity as the Director of the Rhode Island Department of Corrections<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 03-220S |

THIRD AMENDED COMPLAINT

INTRODUCTION

1. This lawsuit is brought by inmate Plaintiff Edward Eugene Young ("Plaintiff") of the Rhode Island Adult Correctional Institution ("ACI") to challenge certain actions, including the implementation of policies and procedures, taken by A.T. Wall ("Wall" or "Defendant") which violated Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution as well as Article 1, Sections 2 and 16 of Rhode Island Constitution.

JURISDICTION AND VENUE

2. This is an action for equitable and declaratory relief and for damages. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331, 1334 and 2201, et seq. as Plaintiff's claim involves questions of federal law – specifically whether the Defendant's action of denying Plaintiff the interest accrued on his earnings constitutes a taking under the Fifth Amendment to the United States Constitution and whether Defendant violated Plaintiff's rights under the Fourteenth Amendment by denying him procedural due process prior to Defendant's withdrawing of interest on Plaintiff's earnings – and seeks other relief including

damages, declaratory judgment, and injunctive relief. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C § 1391 (b), in that matters complained of occurred within the District of Rhode Island and Plaintiff is an inmate held in custody within the District of Rhode Island.

PARTIES

4. Plaintiff is a penal inmate at ACI.

5. Defendant A.T. Wall is the Director of the Rhode Island Department of Corrections ("RIDOC") and as such, acts under color of state law with respect to the matters complained therein. Defendant Wall has at all times material hereto been responsible for the overall administration of the DOC, including the promulgation and application of the policies and practices which are challenged in the suit. He is sued in his individual and official capacities.

STATEMENT OF THE CLAIM

6. Plaintiff has earned money working in the prison as a laundry worker at various times during his incarceration.

7. Rhode Island General Laws § 42-56-22 requires that twenty-five (25%) percent of an inmate's earnings up to a maximum of $500 be deposited into an account which is set aside for the inmate's use upon release. An inmate cannot spend the encumbered balance prior to his release.

8. The accounts maintained by the RIDOC are referred to collectively as the Inmate Accounts Fund. The money in excess of $500 is maintained in another account sometimes

referred to as an "open account". At times, Plaintiff has had sufficient balance in his inmate accounts to have money available for his own discretionary spending.

9. Under RIDOC Policy No. 2.17-1, interest earned on monies in the Inmate Accounts Fund would accrue to the depositing inmates in an equitable fashion.

10. On April 24, 2000, Defendant Wall repealed Policy No. 2.17-1 and implemented in its place RIDOC Policy No. 2.17-2, which stated among other things, that the return on investments earned on monies in the Inmate Accounts Fund would accrue to the inmates in an equitable fashion. Pursuant to these policies, the RIDOC posted earnings (i.e., interest) to the inmates' individual accounts.

11. The RIDOC stopped posting interesting to the Inmate Accounts Fund on June 1, 2002. This change in practice occurred in advance of a promulgation of the revised policy. Defendant Wall approved the change.

12. On June 9, 2003, Defendant Wall promulgated RIDOC Policy No. 2.17-3 which provided that interest earned in the Inmate Accounts Funds would accrue to the State of Rhode Island instead of in an equitable fashion. As a consequence, Plaintiff would no longer be credited with earnings resulting from interest on Inmate Accounts Funds held by the RIDOC in the inmate account savings account.

13. During his incarceration at the ACI, and subsequent to the suspension and permanent termination of the attribution of earnings on inmate accounts to inmates, Plaintiff had monies, including encumbered funds, in the inmate accounts.

14. Plaintiff has suffered a financial loss because of Defendant Wall's actions described above.

15. Defendant Wall did not adequately notify Plaintiff of his change in policy or provide Plaintiff an opportunity to be heard in advance of this change.

16. Plaintiff has no adequate remedy at law.

**COUNT I**
**VIOLATION OF PROCEDURAL DUE PROCESS**

17. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 16 of his Complaint.

18. By taking interest on earnings on Plaintiff's funds held on his behalf by the RIDOC and/or the General Treasurer of the State of Rhode Island without first affording Plaintiff procedural due process, Defendant Wall violated Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

19. Defendant Wall's actions were done with reckless or callous indifference to Plaintiff's constitutional rights and caused Plaintiff's constitutional deprivation.

20. Plaintiff has and will continue to suffer damages from Defendant's actions.

**COUNT II**
**UNCONSTITUTIONAL TAKING OF PLAINTIFF'S ACCRUED INTEREST**

21. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 16.

22. By taking and/or using Plaintiff's accrued interest from the Inmate Accounts Fund without just compensation, Defendants' actions constitute an unconstitutional taking in violation of Plaintiff's rights afforded under the Fifth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

23. Defendant Wall's actions were done with reckless and callous indifference to Plaintiff's constitutional rights and caused Plaintiff's constitutional deprivation.

24. Plaintiff has and will continue to suffer damages from Defendant's actions.

## COUNT III
## VIOLATION OF ARTICLE 1, § 16 OF THE RHODE ISLAND CONSTITUTION

25. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 16.

26. By taking and/or using Plaintiff's accrued interest from the Inmate Accounts Fund without just compensation, Defendant's actions constitute an unconstitutional taking in violation of Plaintiff's rights afforded under Article 1, Section 16 of the Rhode Island Constitution.

27. Plaintiff has and will continue to suffer damages from Defendant's actions.

## COUNT IV
## VIOLATION OF ARTICLE 1, § 2 OF THE RHODE ISLAND CONSTITUTION

28. Plaintiff repeats and incorporated by reference the allegations in paragraph 1 through 16.

29. By taking interest on earnings on Plaintiff's funds held on his behalf by the RIDOC and/or the General Treasurer of the State of Rhode Island without first affording Plaintiff procedural due process, Defendant Wall violated Plaintiff's rights guaranteed under the Article 1, Section 2 of the Rhode Island Constitution.

30. Plaintiff has and will continue to suffer damages from Defendant's actions.

**WHEREFORE**, Plaintiff, Edward Eugene Young, Sr., prays for the following relief:

a. A declaration stating that Defendant deprived Plaintiff of rights conferred upon him by the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and rights conferred upon him by Sections 2 and 16 of Article 1 of the Rhode Island Constitution.

b. Temporary, preliminary and injunctive relief prohibiting Defendant from violating Plaintiff's federal and state constitutional relief.

c. Compensatory damages, included but not limited to unpaid interest;

d. Punitive damages; and

e. Attorney's fees and costs.

EDWARD EUGENE YOUNG

By his Attorneys,

______________________________

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 fax

Dated: October __, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of October, 2005, I sent a true copy of the within Plaintiff's Third Amended Complaint, via hand delivery, to Thomas Palumbo, Assistant Attorney General, Rhode Island Department of Attorney General, 150 South Main Street, Providence, RI 02903.

______________________________