UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARD EUGENE YOUNG<br><br>Plaintiff<br>v.<br><br>A.T. WALL, in his capacity as the Director of the Rhode Island Department of Corrections<br><br>Defendant | : | C.A. No. 03-220S |

**PLAINTIFF'S REPLY TO WALL'S MOTION FOR SUMMARY JUDGMENT**

In further support of his opposition to Defendant's Motion for Summary Judgment, Plaintiff files this reply to Defendant's Motion for Summary Judgment and Defendant's Memorandum in Support thereof.

1. Young Intended To Bring Claims Under 42 U.S.C. § 1983 And Would Amend His Complaint As Necessary To Rectify Any Defect In Pleading.

This action has from the outset been one under 42 U.S.C. § 1983. This Court noted in its Decision and Order of March 5, 2005 that "[Young] . . . seeks to hold A.T. Wall . . ., as the director of the Rhode Island Department of Corrections . . . liable for an unconstitutional "taking" under 42 U.S.C. § 1983." Decision and Order, p. 1. When Young filed his Second Amended Complaint he did so to clarify and better organize the claims in this case and not to drop § 1983 as the vehicle for Young's claims under the United States Constitution. The omission of § 1983 was inadvertent and will be corrected, assuming leave from the court, by amending the complaint.[1]

---

[1] Young suggests that amendment should be allowed. The United States Supreme Court has stated that it is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere [procedural technicalities" and that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." Forman v. Davis, 371 U.S. 178, 181-182 (1962).

2. Young Has Stated A Claim Directly Under Article 1, Section 2 Of The Rhode Island Constitution.

As acknowledged in footnote three in Wall's memorandum, the United States District Court for the District of Rhode Island has recognized "an implied right to sue a state official individually for damages resulting from an alleged violation of the due process clause of Article I, Section 2 of the Rhode Island Constitution. Jones v. Rhode Island, 724 F. Supp. 25, 35 (D. R.I. 1989). In Eastridge v. Rhode Island College Board of Governors for Higher Education, 166 F. Supp. 161 (D. R.I. 1998), the Court addressed whether a cause of action existed under Article I, Section 2 in a case involving alleged discrimination in appointment to a tenure track position (i.e., discrimination in hiring).

The court's decision in Eastridge not to recognize a cause of action in that case is inapposite. The court's decision turned on the fact that Plaintiff had stated several employment discrimination claims (e.g., Title VII, FEPA, and RICHRA) upon which the plaintiff could proceed to trial.

Bandoni v. State, 715 A.2d 580 (R.I. 1998) does not require rejection of a state due process cause of action. Bandoni dealt only with whether a cause of action existed under the "victim's rights amendment." In fact, the message sent clearly by the Bandoni majority opinion is that when deciding whether a cause of action exists precedent pertaining to one constitutional provision has no direct bearing on the question under another constitutional provision. Id. at 599.

It seems unnecessary to over complicate this issue. As noted in Bandoni, the United States Supreme Court "has . . . extended the Bivens action to include a monetary cause of action for violation of the Fifth Amendment's due process clause." Id. at 586 n.8. In 1986, the Rhode Island Constitution was amended to include a procedural due process identical to the federal

constitution. The inquiry here thus differs drastically from that involving a new provision not found in the United States Constitution such as a victim's bill of rights.

3. Young Should Be Allowed To Name Wall In His Individual Capacity.

Wall appears to be right regarding the Will v. Michigan rule and the Ex parte Young exception. But summary judgment should not enter on Young's damages claim. The complaint can be amended to name Wall individually.

The merits of amending will be more specifically addressed in Young's motion to amend. As stated above, it is appropriate to amend the complaint even at this stage of the proceedings. Wall is already a party and his individual involvement as the person who personally made the decision to stop paying the interest and the issuer of the policy ending the payment of interest.

4. Defendant Wall Waived The Failure To Exhaust Defense.

In Defendant Wall's Amended Answer to Plaintiff's Complaint, dated March 11, 2005, he did not assert Plaintiff's failure to exhaustive administrative remedies as an affirmative defense. Moreover, in Defendant's Answer to Plaintiff's Second Amended Complaint, dated June 13, 2005, Defendant Wall again failed to raise as an affirmative defense the plaintiff's failure to exhaust administrative remedies. In the context of the Prison Litigation Reform Act, a prisoner's failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. See Lindell v. O'Donnell, 2005 U.S. App. LEXIS 10742, at *8 (7th Cir. June 9, 2005); Jackson v. District of Columbia, 254 F.3d 262, 267 (D.C. Cir. 2001) (noting that exhaustion is an affirmative defense to be raised by defendant). The failure to raise an affirmative defense in a timely manner constitutes a waiver of that defense. World-Wide Computer Resources, Inc. v. Arthur Kaufamn Sales Co., 615 A.2d 122, 124 (R.I. 1992). Defendant never asserted Mr. Young's failure to exhaust his administrative remedies in any of his answers. As such, Defendant failed to meet his burden of pleading this affirmative defense.

5. DOC's "Policy Change" Violated Young's Rights Under the Fifth and Fourteenth Amendments (and Article 1, § 16 of the Rhode Island Constitution).

For the reasons set forth in his memorandum in support of his motion for summary judgment, Wall violated Young's rights under the takings provisions of the United States and Rhode Island Constitutions. Young relies upon the arguments set forth in his memorandum.

6. Wall violated Young's Procedural Due Process Rights.

With respect to Young's claim that Defendant has deprived him of his constitutional rights to due process, Wall argues that: (a) Young received adequate notice, but failed to file an inmate grievance; (b) Wall made a "reasoned decision" to change DOC's policy on interest; (c) to rule that a procedural due process violation occurred would be akin to a decision that the DOC could never stop paying interest once it had started to do so; and (d) Young could have transferred all or some of his open account funds to a commercial bank.

Young's failure to file an inmate grievance does not doom his case as Young made his concerns known via numerous letters following the deprivation of his property right. While he did not employ the formal grievance policy out of fear of retaliation, he went above and beyond his obligations to put Wall on notice of his concerns. It was, unfortunately, too late.

Timing is a key factor in this matter. The fact remains that Wall communicated to the inmates only after the decision had already been made. It is undisputed that the RIDOC stopped posting interest to the Inmate Accounts Funds on June 1, 2002, nearly a year before the promulgation of a revised policy. JSF at ¶ 19.[2] It then took subsequent steps to notify the inmates (such as the DOC's June 20, 2002 posting and the articles in the inmate newsletters).

[2] By memorandum dated May 6, 2003, Defendant finally repealed RIDOC Policy No. 2.17-2 and implemented in its place RIDOC Policy No. 2.17-3. RIDOC Policy No. 2.17-3 was to be effective June 9, 2003. JSF at ¶ 24.

CONCLUSION

For the aforementioned reasons, as well as those set forth in Plaintiff's Motion for Summary Judgment and supporting documentation, Plaintiff, Edward Young, respectfully renews his request that this Court grant his motion for summary judgment.

EDWARD EUGENE YOUNG

By His Attorneys,

Andrew B. Prescott (#3758)
Stacie Boeniger Collier (#6059)
NIXON PEABODY, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
401-454-1000
401-454-1030 (Fax)

Date: October 7, 2005

**CERTIFICATION**

I hereby certify that a copy of the within Plaintiff's Reply to Wall's Motion for Summary Judgment was sent by first class mail to Thomas A. Palombo, Esq., Assistant Attorney General, Department of the Attorney General, 150 South Main Street, Providence, RI 02903 on the 11th day of October, 2005.