**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDWARD EUGENE YOUNG** | : | |
| | : | |
| **V.** | : | **C.A. NO. 03-220S** |
| | : | |
| **A.T. WALL, in his capacity as** | : | |
| **the Director of the Rhode Island** | : | |
| **Department of Corrections** | : | |

**DEFENDANT WALL'S REPLY MEMORANDUM OF LAW**

Defendant Wall respectfully submits the following arguments in reply to Plaintiff Young's Memorandum in Support of Summary Judgment ("Plt. Memo."):

1. Young argues for "as much entitlement to constitutional protections as citizens of Rhode Island living outside the walls of the ACI." Plt. Memo. at 1. He further urges that he "earned the money by working and like every other Rhode Island citizen enjoys a constitutional right to both the money he was paid for his work and the interest earned thereon." *Id.* at 9-10. Clearly, however, he does come before the Court as a free citizen; he is a convicted felon, with very limited property and due process rights. As previously submitted, the wealth of Federal case law recognizes this precept. Indeed, this very Court has: "[A]ll [Young] has is 'a limited property right in the amounts deposited in [his name]--specifically...the limited right to access his [deposits] when permitted by statute, regulation, or policy.'" Young, 359 F.Supp.2d at 91. (*citing* Givens and Washlefske). Per statute and policy, Young has no rights, *inter alia*, to hold currency; to access all the money he earns; to own or purchase anything he wants; or, as Wall asserts, to receive interest on his inmate accounts.

2. Young urges that "Rhode Island common law recognizes prisoners' property rights." Plt. Memo. at 5 (*citing* Anderson v. Salant, 38 R.I. 463, 474-75, 96 A. 425 (1915)). Anderson held that a prisoner is not a slave, and upheld Rhode Island's then-existing prison labor law. This Court, however, has already recognized that "[t]he purpose of prison labor is rehabilitative in nature," and properly cites Anderson for the proposition that "under Rhode Island law, the payment of prisoners for their labor--whether for the state or for an outside entity--is purely discretionary on the part of the state." Young, 359 F.2d at 90.

3. Young suggests that "the circumstances under which the property...was obtained" are immaterial. Plt. Memo. at 6. To the contrary, it's all about the different circumstances occasioned by his imprisonment. Young has only "a limited property right defined by the terms of the statute...limited property rights for penological purposes." Washlefske, 234 F.3d at 185. As recognized, his earnings are "made by virtue of an administrative policy promoted and advanced in the best interests of penology and sociology." Young, 259 F.Supp.2d at 90 (citations omitted). Director Wall sets forth these "best interests" in his Affidavit at ¶ 3.

4. Young asserts that "RIDOC clearly created an expectation and understanding in Plaintiff that he would be paid for his labor by having a practice and policy of paying." Plt. Memo. at 6, n.5 (*citing* Webb's, 449 U.S. at 161). Wall has already readily distinguished Webb's. Defendant's Summary Judgment Memorandum ("Def. Memo.") at 15. Wall submits that, at all times, Young has been paid his wages pursuant to State law and DOC policy and practice. Board of Regents v. Roth teaches that one must have a "legitimate claim of entitlement" to create a property interest. 408 U.S. at 577. As to interest on his inmate accounts, Young claim has no legitimacy. In addition, Young's reliance (Plt. Memo. at 9) on Webb's "lack of immediate right" discussion, 449 U.S. at 162, is misplaced. A court claimant who pays

court fees, deposits money into a court fund, and then has interest on the deposits taken by the court, is so dissimilarly situated to an inmate seeking interest on his prison accounts that no viable comparison can be drawn. Moreover, Young has the right to place all or some of his "open" account in a commercial, interest-bearing account. Joint Statement of Facts ("JSF"), ¶ 9. Finally, his "closed" account is established by R.I. Gen Laws § 42-56-22 and DOC policy to serve penological purposes, Wall Affidavit at ¶ 3. Its purpose is not to function and serve as an interest-bearing certificate of deposit for the term of his incarceration.

5. Young's analogies to owners of homes, investments and cars, Plt. Memo. at 8-9, are wholly misplaced, to the point of absurdity. As an inmate, he does not own property like as free man. Young does not, "like every other Rhode Island citizen enjoy[ ] a constitutional right to both the money he was paid for his work and the interest earned thereon." *Id.* at 9-10. *See* Nos. 1 and 3 above. Nor can Young "turn his earnings into consumable goods just like other citizens do." *Id.* at 9. The prison commissary is not Stop and Shop; it is run for "penological purposes," and is a privilege, not a right. Moreover, Young clearly does not understand the essential link between inmate accounts and the prison commissary. (*See* Plt. Memo. at 11: "RIDOC decided to switch vendors for its inmate accounts systems.") This is plainly incorrect: "The RIDOC decided to switch vendors for its commissary and inmate accounts systems." JSF, ¶ 16. The two are interrelated, and are part and parcel of running a correctional institution.

6. Young complains that he was not provided "notice and an opportunity to be heard," at a "meaningful time" and in a "meaningful manner," as to DOC's policy change, and further asserts the right to an "opportunity to present evidence and/or testimony" and a "written decision following his hearing." Plt. Memo. at 10, 14. Wall simply responds that Young has no such broad panoply of due process rights with regard to this DOC policy change. Under the

applicable case law, statutes and DOC Policy, as DOC Director, Wall has the lawful power and broad discretion to change the policy on payment of interest. *See* Def. Memo. and the Affidavit of Wall, *passim*. Thus, the cases cited in Young's Memo. at 13 – concerning welfare rights, public employment, confinement of a mental child, repossession and utility shut-offs – are inapposite. In addition, Wolff v. McDonnell was a "liberty interest" case that concerned so-called "good time," and clearly does not, as suggested (Young's Memo. at 13), support a Loudermill-type pre-deprivation hearing on the interest policy change.

7. Moreover, procedural due process jurisprudence widely recognizes the adequacy of post-deprivation remedy. Importantly, here, Young had the right to file a grievance. *See* JSF, ¶ 28 and Tab J. Admittedly, he failed to do so. Thus, Young has failed to avail himself of the existing, adequate post-deprivation remedy.

8. The case is before the Court on undisputed facts, Exhibits and Wall's Affidavit. Should the Court determine that due process was required, Director Wall respectfully stands behind the facts and circumstances of DOC's policy change, DOC's decision-making process, the notice to inmates (*i.e.*, notices by memo. and in the newsletter; a question and answer letter; and correspondence directly to Young), as well as the available grievance policy and procedures.

In conclusion, for all the reasons set forth herein, and in the initial Memorandum, and as fully supported by the Joint Statement of Facts, Exhibits, and Affidavit of Wall, there are no genuine issues of material fact and Wall he is entitled to judgment as a matter of law. Therefore, Defendant, A.T. Wall, in his capacity as DOC Director, respectfully requests that his Motion for Summary Judgment be granted.

Respectfully Submitted,

DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

The undersigned hereby certifies that a true copy of this Reply Memorandum of Law was sent by First Class U.S. Mail, postage pre-paid, on this 7th day of October, 2005 to the following:

**Andrew B. Prescott, Esquire**
**Stacie Boeniger Collier, Esquire**
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903