**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **EDWARD EUGENE YOUNG** | : | |
| | : | |
| **V.** | : | **C.A. NO. 03-220S** |
| | : | |
| **A.T. WALL, ET AL** | : | |

**OBJECTION TO**
**MOTION FOR LEAVE TO FILE**
**THIRD AMENDED COMPLAINT**

Now comes Defendant, A.T. Wall, in his capacity as Director, Rhode Island Department of Corrections and hereby objects to the Motion for Leave to File Third Amended Complaint filed by Plaintiff, Edward Eugene Young. In support hereof, Defendant Wall submits the accompanying Memorandum of Law.

WHEREFORE, Defendant Wall respectfully requests that the Motion be denied, and such other and further relief as justice may require.

**Defendant Wall respectfully asks for a hearing and oral argument in this matter.**

Respectfully Submitted,

DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Objection, postage pre-paid, first class mail, on this 21st day of October, 2005 to the following:

Melissa DiFonzo

**Andrew B. Prescott, Esquire**
**Stacie Boeniger Collier, Esquire**
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **EDWARD EUGENE YOUNG** | : | |
| | : | |
| **V.** | : | **C.A. NO. 03-220S** |
| | : | |
| **A.T. WALL, ET AL** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

## INTRODUCTION

Defendant, A.T. Wall ("Wall"), in his capacity as Director, Rhode Island Department of Corrections ("DOC"), respectfully submits this Memorandum of Law in support of his Objection to the Motion for Leave to File a Third Amended Complaint filed by Plaintiff Edward Eugene Young ("Young"). For the reasons set forth herein, Defendant Wall asks the Honorable Court deny the Motion to Amend.

## PROLOGUE

Respectfully, it is quite troubling for the Attorney General to make the following arguments in a civil action where a *pro se* inmate is now represented by a large law firm. Nonetheless, if the Rules of Civil Procedure are to have vitality and meaning, then the Honorable Court must deny the proposed amendment and, in due course, rule on the pending Motions for Summary Judgment.

## TRAVEL OF THE CASE

This civil action was originally filed *pro se* by Plaintiff Young in June 2003. Young later filed a *pro se* Amended Complaint in or about August 18, 2003. Young, *pro se*, had invoked 42 U.S.C. § 1983. Defendant Wall filed a Motion to Dismiss.

Thereafter, the Court rendered its Decision and Order dated March 5, 2005. See Young v. Wall, 359 F.Supp.2d 84 (D.R.I. 2005). The Court dismissed all claims, but for the alleged violation of the Due Process Clause. After the Court's ruling, on June 1, 2005, Young, by and through legal counsel, filed a Second Amended Complaint "to further clarify and set forth his position." Memo. Supp. Second Amd. Complaint, p. 3. The Second Amended Complaint was unopposed by Wall. As a matter of black letter law, the amended pleading supercedes its predecessor. The Second Amended Complaint fails to name Defendant DOC Director Wall in his individual or personal capacity. Moreover, Young fails to invoke the remedial provisions of 42 U.S.C. § 1983. Now, after the parties have moved for summary judgment, Young again seeks to amend.

## ARGUMENT

Why Plaintiff Young filed a Second Amended Complaint in June 2005 and, four months later, proposes a third amendment, is inexplicable. The utter failure to plead the remedial provisions of 42 U.S.C. § 1983, and to sue Wall in his individual or personal capacity, should be strictly construed. Viewing the totality of the circumstances in this case, there is both delay and futility, and the proposed Third Amended Complaint should not be allowed.

Where, as here, "leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. … In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence." Hatch v. DCYF,

274 F.3d 12, 19 (1st Cir. 2001)(emphasis added)(Citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)).

In Hatch, both the District Court and First Circuit ruled that amendment was futile because "the doctrine of qualified immunity safeguarded the proposed defendants against liability for money damages." 274 F.3d at 18. Likewise, here, as fully supported by the facts, arguments, exhibits and Affidavit of Wall, Young has no viable civil action and constitutional claim for money damages as against the State (DOC Director Wall). Young's statement of Wall's "callous indifference to Plaintiff's constitutional rights," Memo. Supp. Third Amd. Complaint, p. 4, is self-serving rhetoric and without basis in the record before the Court. "Banking costs," Id., are not the issue - Wall's job is running the State prison, including its inmate accounts fund and commissary. Moreover, legal theory and penology aside, the evidence before the Court is that, if Young were to win his damage claim, he would be owed $25.00. Affidavit of Wall, ¶ 6. (Please note: Young says in his Deposition that he thinks he's owed $500.00; unfortunately, he's off by twenty-fold.)

Finally, Young urges that he "should have more clearly alleged that he was invoking 42 U.S.C. § 1983." Memo. Supp. Third Amd. Complaint, p. 3. However, Section 1983 is not invoked in any way, shape or form. This is an essential element in a civil rights action.

Wall would not go so far as to argue that the proposed amendment is made in bad faith. The professionalism of opposing counsel has been manifest throughout their involvement in this case. Nonetheless, this is more than inartful pleading; and, given the timing and futility, Wall cannot say the amendment is made in good faith.

## CONCLUSION

For the reasons set forth, Defendant, DOC Director A.T. Wall, respectfully requests that the Motion for Leave to File a Third Amended Complaint filed by Plaintiff Young be denied.

**Defendant Wall respectfully asks for a hearing and oral argument in this matter.**

Respectfully Submitted,
DEFENDANT

A.T. Wall, Director
R.I. Department of Corrections

By his attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Memorandum of Law, postage pre-paid, first class mail, on this 21st day of October, 2005 to the following:

Melissa DiFonzo

**Andrew B. Prescott, Esquire**
**Stacie Boeniger Collier, Esquire**
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903