UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EDWARD EUGENE YOUNG

    **Plaintiff,**

v.                                                  C.A. No. 03 - 220 S

A.T. WALL, individually and in
his official capacity as Director of the
Rhode Island Department or Corrections

    **Defendant.**

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

    Edward Eugene Young ("Young" or "plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. Young named as a defendant A.T. Wall ("Wall" or "defendant"), Director of the Rhode Island Department of Corrections, in both his individual and official capacities. After securing counsel, Young filed a Second Amended Complaint and more recently, a Third Amended Complaint, seeking relief pursuant to 42 U.S.C. § 1983 and pursuant to state law. Both parties have moved for summary judgement pursuant to Fed.R.Civ.P. 56. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the plaintiff's motion for summary judgement be denied, and the defendant's motion for summary judgement be granted on plaintiff's federal claims. I further recommend that plaintiff's state law claims be dismissed without prejudice.

**Undisputed Facts**

The parties in this matter have filed a Joint Statement of Facts, along with exhibits. The following are the relevant, undisputed facts gleaned from the parties' submissions:

Edward Eugene Young in an inmate legally incarcerated at the Rhode Island Department of Corrections, Adult Correctional Institutions. He is currently serving a forty-five year sentence. Defendant A.T. Wall is the Director of the Rhode Island Department of Corrections("RIDOC").

In 1996, the RIDOC adopted a grievance procedure for inmates. See Exhibit J, Rhode Island Department of Corrections Policy and Procedure, Policy Number 13.10, p. 1-12 (hereinafter referred to as "grievance policy"). According to the grievance policy, "[a]ll inmates ... are eligible to file grievances" regarding any aspect of prison life. Id. at 2-3. The grievance policy provides an avenue for inmates to challenge, *inter alia*, the interpretation and application of the RIDOC's policies, rules, and procedures, individual employee actions, property loss or damage, and any other matter relating to privileges, programs, and/or services, conditions of care or supervision, and living facility conditions. Id. at 3.

The grievance policy provides for a three tier review. First, an inmate must seek resolution at the lowest chain of command. Id. at 5-9. Second, if the issue is not resolved, the inmate may submit a grievance to the warden of the facility where the inmate resides. Id. Finally, if the issue is not adequately addressed to the inmate's satisfaction, the inmate may appeal to the Director of the RIDOC, here defendant Wall. Id. The grievance policy provides for the following remedies: (1) restitution or monetary compensation, (2) change of facility policies, (3) correction of inmate records, and (4) any other remedy, as appropriate. Id. at 12.

On June 4, 2004, plaintiff filed the instant lawsuit, *pro se*, challenging various aspects of

prison life. The Court thereafter dismissed all of the *pro se* plaintiff's claims, except one. The only claim that remained asserted that the defendant violated the Fourteenth Amendment with respect to the interest earned on the plaintiff's inmate account. Plaintiff thereafter secured counsel. Counsel filed a Second Amended Complaint and more recently a Third Amended Complaint.

The Third Amended Complaint challenges the defendant's actions with respect to the interest earned on plaintiff's inmate account, alleging four counts: Counts I and II allege violations of the U.S. Constitution; Count III and IV allege violations of the Rhode Island Constitution. However, it is undisputed that the plaintiff never exhausted the three tier grievance procedure with respect to any of his claims asserted in the Third Amended Complaint. See Joint Statement of Facts, ¶ 29.

### Discussion

#### A. Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

Here, plaintiff has brought suit alleging federal and state law claims against the defendant. The defendant contends, however, that he is entitled to summary judgment because the plaintiff has failed to comply with the Prison Litigation Reform Act. I agree.

**B. Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that:

> [n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted.

42 U.S.C. § 1997e(a).

Section 1997e requires an inmate to exhaust all available administrative processes before filing a federal lawsuit relating to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative process. Booth v. Churner, 532 U.S. 731, 734 (2001)("The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must."). Moreover, Section 1997e incorporates not just conditions generally affecting inmate population, but also discrete incidents affecting only a single individual. "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion under § 1997e is an affirmative defense. Casanova v. Dubois, 304 F.3d 75, 77 (1st Cir. 2002). Defendant has pled this defense in his Third Amended Answer. See Third Amended Answer, p. 5 (Dckt # 81).

Here, it is undisputed that the RIDOC has a grievance policy in place and is available to Young. It is also undisputed that Young failed to pursue any of his claims asserted in the Third Amended Complaint through the RIDOC's grievance policy prior to filing the instant lawsuit. See Joint Statement of Facts ¶ 29. This, Young cannot do. The plain language of § 1997e requires

Young to exhaust the prison's grievance procedures as a precondition to his federal claims asserted in this instant lawsuit. See 42 U.S.C. § 1997e. Indeed, the United States Supreme Court has held that the exhaustion requirement applies to all inmate suits about prison life. See Porter, 534 U.S. at 532.

Since the undisputed demonstrate that the plaintiff failed to exhaust his administrative remedies on any of his claims, I recommend that the plaintiff's motion for summary judgement be denied, and the defendant's motion for summary judgment be granted on all of plaintiff's federal claims. "Congress clearly made the exhaustion of administrative remedies a necessary antecedent to filing a claim in federal court..." Medina-Colaudie v. Rodriquez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

**C. State Law Claims**

In his Third Amended Complaint, plaintiff alleges claims pursuant to the Rhode Island Constitution. See Third Amended Complaint, Counts III and IV, p. 5. I recommend that the District Court decline to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(c)("The district courts may decline to exercise supplemental jurisdiction ... if ... (3) the district court has dismissed all claims over which is had original jurisdiction."). The state courts are more apt to deal with these state-law claims.

Accordingly, plaintiff's state law claims should be dismissed without prejudice. I so recommend.

## Conclusion

For the reasons set forth above, I recommend that the plaintiff's motion for summary judgement be denied and the defendant's motion for summary judgement be granted on plaintiff's federal claims. I further recommend that plaintiff's state law claims be dismissed without prejudice. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
January 31, 2006